**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ANTHONY MASSEY, | : |
| Petitioner, | : Civil Action No. 13-3439 (ES) |
| v. | : OPINION |
| CHARLES W. WARREN, JR., et al., | : |
| Respondents. | : |

**SALAS, DISTRICT JUDGE**

**I.   Introduction**

Pending before the Court is Petitioner Anthony Massey's ("Petitioner's") motion for reconsideration (D.E. No. 45 ("Motion")) of this Court's December 19, 2018 Opinion and Order denying habeas relief under 28 U.S.C. § 2254 (D.E. Nos. 43 & 44). Respondents have not filed an opposition. The Clerk will be ordered to reopen this matter so that the Court may rule on the Motion. For the reasons stated below, the Motion is DENIED.

**II.   Discussion**

**A.  The Motion's Claims**

The Court summarized the factual and procedural background of this sexual assault and burglary case in its December 19, 2018 Opinion, which is incorporated herein by reference. (D.E. No. 43 at 1–6).

In the Motion, Petitioner asserts various criticisms of his trial counsel, Alan Bowman, Esquire ("Mr. Bowman"). Petitioner states that Mr. Bowman "testified that he did not do an investigation" into the "man that [victim] J.L. introduced . . . to [her neighbor] Ms. Quentero . . .

as [J.L.'s] husband . . . . No investigation is deficient counsel." (D.E. No. 45 at 5). Petitioner alleges that although Mr. Bowman told the state court "that he was looking for said man as a result of the DNA evidence which excluded [Petitioner] as [a] contributor to [a specimen from the victim], . . . [Mr. Bowman] lied." (*Id*. at 5). Petitioner contends that "[p]ossible doubt may well have been reasonable doubt at trial if [counsel had put] [apartment manager] Mr. Laderman's testimony before the jury." (*Id*. at 6). Petitioner claims that "[t]o hold [Petitioner] accountable for what is determined to be unexhausted claims is unfair." (*Id*. at 6). He insists that "[f]ailure to do an investigation by trial attorney is the bas[i]s for [his] ineffective assistance of counsel [claim]." (*Id*. at 6–7). Petitioner's Motion contends that he is "actually innocent." (*Id*. at 6 & 7).

This Court reasonably construes the Motion as essentially re-alleging Ground Two of Petitioner's § 2254 Petition. (D.E. No. 1). In Ground Two, Petitioner had claimed that: (1) his trial counsel "fail[ed] to investigate" (*id*. at 17); (2) "[Martin] Laderman's testimony should have been put before [the] jury" and that Mr. Bowman failed to investigate "phone records" (*id.*); and (3) trial counsel (a) made no search "for the person [the victim] introduced to Claudia Quintero as her husband; (b) did not search for "a possible DNA match . . . that excluded Petitioner;" (c) did not "request a complete DNA analysis of other evidence collected [from J.L.'s apartment]; (d) did not investigate "missing investigative reports;" and (e) did not "contact investigating Det[ectives] Larry Malang and Luis Cruz" (*id*).[1]

---

[1]  Consistent with its December 19, 2018 habeas Opinion (D.E. No. 43), the Court's instant Opinion again refers to Ground Two's claims as follows: claims regarding ineffective assistance of counsel ("IAC") as to witness Martin Laderman are "Laderman IAC Claim;" claims regarding IAC as to investigation of phone records are "Phone Records Investigation Claim;" claims regarding IAC as to Roberto Lopez, Eddie Carbone, the person introduced by J.L. to Claudia Quintero, Detective Larry Malang, and Detective Luis Cruz are "Other Witnesses IAC Claim;" and claims regarding IAC as to possible DNA match, DNA analysis, and missing investigative reports are "Evidence Search Claim."

## B. The Motion Fails to Satisfy Petitioner's Burden For Reconsideration

The scope of a motion for reconsideration of a final judgment under Rule 59(e) is extremely limited. *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011); *Woodson v. Unknown Agents of Unknown Agency*, No. 14-7033, 2015 WL 71156, at *2 (D.N.J. Jan. 6, 2015). It requires the moving party to set forth the factual matters or controlling legal authorities it believes the Court overlooked when rendering its initial decision. *Id.*; *see* L. Civ. R. 7.1(i). "The purpose of a motion for reconsideration . . . is to correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (quoting *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985) (internal quotation marks omitted)).

As such, in order to prevail on a motion for reconsideration under Rule 59(e), the movant must show: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [rendered the judgment in question]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Blystone*, 664 F.3d at 415; *see U.S. ex rel. Schumann v. Astrazeneca Pharm. L.P.*, 769 F.3d 837, 848–49 (3d Cir. 2014). To prevail under the third prong, the movant must show that "dispositive factual matters or controlling decisions of law were brought to the court's attention but not considered." *Mitchell v. Twp. of Willingboro Municipality Gov't*, 913 F. Supp. 2d 62, 77–78 (D.N.J. 2012) (cleaned up). "The standard of review involved in a motion for reconsideration is high and relief is to be granted sparingly." *Id.* at 78.

Here, there has been no intervening change in the controlling law; there is no new evidence that was not available when the Court denied the Petition; and there is no need to correct a clear error of law or fact or to prevent manifest injustice. Instead, Petitioner merely disagrees with the

Court's previous holding (D.E. No. 45 at 4–8), which is not a ground for reconsideration. *See Assisted Living Assocs. of Moorestown, LLC v. Moorestown Twp.*, 996 F. Supp. 409, 442 (D.N.J. 1998).

However, the Court finds that one particular contention in the Motion warrants clarification, in light of Petitioner's *pro se* status. Petitioner suggests that the Court's December 19, 2018 Opinion held him "accountable" for "unexhausted claims." (D.E. No. 45 at 6). His contention misunderstands the governing law and this Court's December 19, 2018 habeas ruling. In that habeas Opinion, this Court determined that (1) the state court ruling on the Laderman IAC Claim was not contrary to or an unreasonable application of United States Supreme Court precedent, and thus habeas relief was denied; and (2) while the Phone Records Investigation Claim, Other Witnesses IAC Claim, and Evidence Search Claim were not fairly presented to state courts and thus appeared unexhausted, this Court could—and did—nevertheless deny them on the merits. (D.E. No. 43 at 11–19). A federal court may not grant a writ under § 2254 unless the petitioner has first "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). In other words, given that Petitioner did not fairly present the Phone Records Investigation Claim, Other Witnesses IAC Claim, and Evidence Search Claim to each level of New Jersey state courts before he filed his § 2254 Petition, those claims were unexhausted—which could prevent a federal habeas court from ruling on them altogether.

This Court nevertheless determined, as it may properly do under 28 U.S.C. § 2254(b)(2), that those claims' unexhausted status did *not* preclude a ruling on their merits. The Court in fact proceeded to rule on them. *See Taylor v. Horn*, 504 F.3d 416, 427 (3d Cir. 2007); *Bronshtein v. Horn*, 404 F.3d 700, 728 (3d Cir. 2005). Petitioner was not held "accountable" for the claims' unexhausted status. The claims' failure on the merits was independent of their unexhausted status.

In short, Plaintiff's failure to exhaust certain of his claims was a necessary part of the Court's analysis of the Petition; however, that unexhausted status was not determinative of the claims' ultimate disposition. Rather, the claims' failure on the merits was the dispositive analysis that led to denial of the Petition—*i.e.*, an analysis separate from exhaustion.

**III.     Conclusion**

In sum, Petitioner has presented no new arguments, facts, or caselaw, that were not available to this Court when it rendered its prior Opinion and Order denying the Petition. Petitioner cites no case law or other authorities in support of his Motion, and this Court is aware of none that would alter its December 19, 2018 decision in this proceeding. (*See* D.E. Nos. 43 and 44).

For the reasons stated above, the Court denies the Motion for Reconsideration. An appropriate Order accompanies this Opinion.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**